At this Term the opinion of the Court was delivered by
Smith, C. J.
I. Actions on penal statutes bear a close analogy to indictments and informations on such statutes, and it is unquestionably true that indictments founded on a statute must conclude against the form of the statute. Amer. Prec. 63 ; 2 Hawk. P. C., c. 25, § 116 ; 2 East, 340. And it seems to be well settled at this day that, where the offence for which the penalty is given is not an offence at common law, it must be alleged in penal actions, as well as in indictments and in-formations, to be against the form of the statute. You need not recite the statute if it be a public one; but you must state a case within it, and in some manner show that the offence on which you proceed is an offence against the statute. The reason of the rule is, that every offence for which a party is prosecuted is supposed to be prosecuted as an offence at common law, unless the prosecutor, by a reference to some statute, shows that he means to proceed upon a statute. If there be no such express reference, and the matter charged be no offence at common law, the Court will not look to see’ if it be an offence by statute.
Let us see how the present case compares with this rule. *55 It lias been determined that if the declaration, after describing the offence, contain these words — “whereby, and by force of the statute, &c., an action hath accrued,” &c., this will not supply the want of the allegation, that the offence was committed against the form of the statute. But it is to be noted that, in the case where this was liolden, the action was founded on four statutes; and one of the judges intimates an opinion that, if the conclusion had been “ whereby, and by force of the statutes (in the plural number) in such case made and provided,” &c., this would have been such a reference to the statutes as would show the prosecutor’s intention to proceed upon them and not at common law ; and all the judges lay some stress on this circumstance, that the word statute (in the singular number only) was used.
The present action is founded on one statute or law, which is a public one, and referred to in the declaration in these words — “and the said Joseph and Abigail” (after having mentioned the fact which is the foundation of the action) “ did then and there commit an offence against the law in that behalf made and provided, whereby they have forfeited, &c., and a plea” (which moans an action) “hath accrued to the plaintiff to recover the penalty.” If the word statute had been used, instead of law, it will hardly be pretended that it would be insufficient. Now, from the terms in which the rule is laid down in the case of Lee v. Clarke, in error, 2 East, 340, it is evidently not indispensably necessary to use the words “against the form of the statute.” These are not considered as technical words which cannot be supplied by others of similar import, as is the case with the words “force and arms ” in an action of trespass, “murdravil” or “ murder” in an indictment for killing with malice prepense, “ against the peace and dignity of the State ” in indictments and informations, and many other instances that might be mentioned. This appears evident from the cases decided by Lobd Holt, and referred to in 2 East, 340. It was there held, that the words “in a plea of trespass and contempt against the statute,” in the beginning of the declaration, was *56 a sufficient reference to the statute, without alleging that the offence was committed contra formam statuti. And Lord Ellenborough lays down the rule, after adverting to those cases, as has been already mentioned, namely, that in all cases where the action is founded on a statute, it is necessary in some manner to show that the offence on which you proceed is an offence against a statute.
Here, I think, there are words sufficient for that purpose. Though the word “law ” is not so proper as “act of the legislature,” or “ statute,” and applies to common as well as statute law, yet when it is followed by the words “ in that behalf made and provided,” which are always used when speaking of a statute, and never with reference to the common law, the meaning is too obvious to be mistaken; (a) and the Court are bound to conclude that the prosecutor intends to proceed on statute and not on common law.
II. The second exception to this count is more easily disposed of. (b)
Offences, as it respects the offenders, or persons committing them, may be such —
1. As can only be committed by one person.
Or, 2. Such as can only be committed by more than one.
Or, 3. Such as may be committed by one or more.
Of the first description is the crime of perjury. Every man swears for himself, and not for another. 2 Hawk. P. C. c. 25, §89.
*57 Of the second class are riots, conspiracies, &c.
To the third class belong assaults, batteries, thefts, libels, &c. There have been many absurd determinations on this subject. It was once holden that a person could not be indicted for a battery on two. But this was well ridiculed in a question put by Lord Mansfield. Cannot the King call a man to account because he broke two heads instead of one ? 2 Burr. 980, 984.
It has been determined that two persons may be joined in an indictment for keeping a gaming-house, for maintenance, for extortion, &c. 2 Hawk. P. C. 25, § 89 ; 1 G. Bacon, 68. Two persons may concur in the act of selling a gill of rum ; and, if neither is licensed, the offence is committed by both; if one licensed, he is not an offender, (a) It was not necessary to allege that the defendants were partners in trade, yet it might be material to charge both on the general issue. And, if the partnership were proved, and that the liquor was bought by both, to sell out by retail, though actually sold by one without any particular direction from the other, it is difficult to see how he could protect himself from any consequence which flowed from the act. (b) In the present case it is stated that both sold. Both might sell. The act is not several or single in its nature, with respect to ■ the agents employed in doing it.
*58 Neither of these exceptions are sufficient in law to warrant us in pronouncing the declaration bad. There must therefore be Judgment for the plaintiff, (a) , [1]
*59 This action was founded on § 1 of act of June 14, 1791, ed. 1805, 386.
The defendants had leave to withdraw their demurrer after the judgment of the Court was given, but before it was entered, on payment, within six weeks, of all costs already accrued. It is conceived that this order was not complied with, and that at the next Term judgment was entered by agreement of parties, in favor of plaintiff, for a certain number of penalties.

 In the heads of the statutes passed by the legislature of the Province of Massachusetts, 1699, &c., it is said, Acts and Laws passed, &c., 93, and passim. The title of the book is the same. The title of the New Hampshire Laws, ed. 1771, is similar. The edition of 1805 is called Laws of the State of New Hampshire, &c.
See Hilton v. Ames, 7 Manuscript Reports (Cases before Revolution), 43, which was trespass for cutting and carrying away trees “ contrary to the acts and laws of our said Province, in that case made and provided, whereby defendants have forfeited,” &c. The suit was for the statute penalty.
Manuscript Extracts from Old Records; statutes are called “ laws made last assembly.” p. 19.

 On this head, see 2 Wms. Saund. 117 a, n. 2.

 See 2 East, 569, Barnard v. Gostling; one may have been acquitted and the other convicted. Sed vide 1 N. R. (4 Bos. & P.) 245.

 The King v. Rusby, before Lord. Kenyon, at Guildhall, July 4, 1800 (107 Univ. Mag. July, 1800, 65). Indictment for regrating thirty quarters of oats. The defendant was a partner with Thomas Smith and William Smith. The defence was that the re-sale was by Thomas Smith, the other partners dissenting from it ; and the doctrine is that the act of one partner is not the act of another in a crime. Lord Kenyon did not believe the evidence of the fact (that Thomas Smith re-sold and that defendant dissented), but told the jury that the defendant was liable for acts committed by his partners where his interest was concerned. Was not his interest concerned in this case, when, in consequence of this second sale, there was a profit of five per cent ? It was equally for the benefit of the whole partnership. Verdict, guilty.

 6 G. Bacon, 393. One penalty only can be recovered against both;* i. e., both are liable for the penalty or penalties incurred, and not each. On an indictment each would be liable for the penalty.
See Cowp. 192, 610, 612.

 S. P. Tracy v. Perry, 1831, 5 N. H. 504.